```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FPSDA I, LLC; FPSDA II, LLC;
CDDC ACQUISITION COMPANY, LLC;
MIDDLE COUNTRY ROAD DONUTS, LLC;         E.D. Bankr. Adv. Proc.
MILLER PLACE DONUTS, LLC; COMMACK        No. 8-12-08032
ROAD DONUTS, LLC; FIVE POINTS
DEVELOPMENT PARTNERS, LLC; BLUE
POINT VENTURES, LLC; CDDC HOLDING        MEMORANDUM & ORDER
COMPANY, LLC; BENFIELD DONUTS, LLC;      13-CV-1093(JS)
MOUNTAIN ROAD DONUTS, LLC;
HIGHBRIDGE DONUTS, LLC; KINGDOM
DONUTS LLC; D3C, LLC; UPPER
MARLBORO, LLC; and METRO SHOPS,
LLC,

                    Appellants,

        -against-

LISSETH LARIN,

                    Appellee.
----------------------------------------X
APPEARANCES
For Appellants:    Michael S. Amato, Esq.
                   Ruskin Moscou Faltischek, P.C.
                   1425 Rexcorp Plaza East Tower, 15th Floor
                   Uniondale, NY 11556

For Appellee:      Peter Arcadio Romero, Esq.
                   Frank & Associates, P.C.
                   500 Bi-County Blvd., 112n
                   Farmingdale, NY 11735
```

SEYBERT, District Judge:

Pending before the Court is an appeal arising out of a Chapter 11 bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of New York by debtors/appellants FPSDA I, LLC; FPSDA II, LLC; CDDC Acquisition Company, LLC; Middle Country Road Donuts, LLC; Miller Place

Donuts, LLC; Commack Road Donuts, LLC; Five Points Development Partners, LLC; Blue Point Ventures, LLC; CDDC Holding Company, LLC; Benfield Donuts, LLC; Mountain Road Donuts, LLC; Highbridge Donuts, LLC; Kingdom Donuts, LLC; D3C, LLC; Upper Marlboro, LLC; and Metro Shops, LLC (collectively "Appellants"). After Appellants commenced the bankruptcy action, appellee Lisseth Larin ("Appellee") commenced a class action (the "Class Action") on behalf of herself and as class representative of all those similarly situated in the Eastern District of New York pursuant to, inter alia, the Fair Labor and Standards Act, 29 U.S.C. §§ 206-07. See Larin v. CDDC Acquisition Company, LLC et al., No. 11-CV-5921 (E.D.N.Y.). As such, Appellants filed an adversary proceeding against Appellee seeking to extend the automatic stay to non-debtor parties pursuant to 11 U.S.C. § 362 and for a preliminary injunction to enjoin pursuit of the Class Action against particular non-debtors. On December 21, 2012, the Bankruptcy Court denied Appellants' motion for a preliminary injunction. Appellants now appeal that order. For the following reasons, the Court sua sponte DISMISSES WITH PREJUDICE Appellants' appeal due to inexcusable neglect to file an appellate brief pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

Appellants filed their Notice of Appeal with this Court on March 1, 2013. The Clerk of the Court docketed that Notice of Appeal on March 6, 2013. (See Docket Entry 1.) The following day, the Clerk of the Court entered a Notice of Docketing of Bankruptcy Appeal ("Notice of Docketing") informing Appellants that the appeal had been docketed and ordering that "[f]iling and service of the briefs and appendix are to be accomplished in accordance with Rule 8009 of the Bankruptcy Rules and/or the Individual Judge's Court Rules."[1] (Notice of Docketing, Docket Entry 5.) Accordingly, the docket text accompanying the Notice of Docketing explicitly ordered that "Appellant's [sic] brief shall be served and filed with[in] 14 days after the entry of the appeal on the docket . . . ."

Appellants have not filed a brief in support of their appeal, nor have they communicated with this Court since filing the Notice of Appeal over nine months ago.

## DISCUSSION

Rule 8009 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of

---

[1] The electronic "receipt" generated by the Electronic Case Filing system indicates that Appellants' counsel was sent notice of the entry on March 7, 2013 and that the entry was regenerated and sent to counsel for both sides again on March 15, 2013.

briefs or specifies different time limits[, t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."[2]  Fed. R. Bankr. P. 8009(a)(1). Although compliance with Rule 8009 is not jurisdictional, "the court should exercise discretion to determine whether dismissal [for failure to file a timely brief] is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." Balaber-Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 55 (2d Cir. 1987) (collecting cases). In deciding whether dismissal is appropriate, courts consider whether the appellant has demonstrated "bad faith, negligence, or indifference." In re Geaney, No. 08-CV-8208, 2011 WL 336464, at *1 (S.D.N.Y. Jan. 25, 2011) (citing In re Tampa Chain Co., 835 F.2d at 55)); see also Oren v. Nicholas, 10-CV-2489, 2010 WL 5127664, at *1 (E.D.N.Y. Dec. 9, 2010) (same); Bristol v. Ackerman (In re Marcel C. Bristol), No. 09-CV-1638, 2010 WL 1223053, at *2 (E.D.N.Y. May 24, 2010) (same).

An appellant's failure to file an appellate brief without any explanation for many months constitutes inexcusable indifference to pursuing the appeal. Under such circumstances,

---

[2] The time period to file the brief is "only triggered once the appeal has been docketed in the district court and notice of the docketing of the appeal has been sent to all parties." Glatzer v. Enron (In re Enron Corp.), 475 F.3d 131, 134 (2d Cir. 2007).

4

a district court may sua sponte dismiss the appeal with prejudice. See In re Tampa Chain Co., 835 F.2d at 56 (affirming dismissal of bankruptcy appeal where defendants filed no brief for seven months after the due date); In re Geaney, 2011 WL 336464, at *1 (sua sponte dismissing bankruptcy appeal with prejudice where appellant filed no brief for two years after filing his notice of appeal, one month after notice of docketing, and two weeks after the due date); Oren, 2010 WL 5127664, at *2 (sua sponte dismissing bankruptcy appeal with prejudice where appellant filed no brief for six months after filing notice of appeal and ten days after the due date); In re Bristol, 2010 WL 1223053, at *2-3 (sua sponte dismissing bankruptcy with prejudice where appellant filed no brief for eleven months after notice of docketing).

Here, Appellants have not sought to litigate the appeal in any manner since filing the Notice of Appeal more than nine months ago. Appellants have not filed an appellate brief as required by Rule 8009 and the Court's Notice of Docketing nor have they communicated with the Court or sought to explain the delay in filing their brief. Under these circumstances, the Court finds that Appellants have demonstrated "inexcusable indifference to pursuing [their] appeal." In re Geaney, 2011 WL 336464, at *1 (quoting Oren, 2010 WL 5127664, at *2). Although the Court may order sanctions less severe than outright

dismissal, the Court finds that anything less than outright dismissal would be unwarranted given that Appellants have not communicated with the Court in nine months.

## CONCLUSION

For the foregoing reasons, Appellants' appeal is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  January  8 , 2014
        Central Islip, NY